IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES EDWARD WILLIAMS                                                PETITIONER
ADC #78429

vs.                      Case No. 5:10CV00011 SWW-JTK

RAY HOBBS, Director,
Arkansas Department of Correction                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United Sates District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## **DISPOSITION**

Now before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by James Edward Williams, an inmate in the Arkansas Department of Correction. In April 2008, a Pulaski County jury convicted Petitioner of two counts of aggravated robbery, two counts of first-degree terroristic threatening, theft of property, and third-degree battery. (Doc. No. 7, Exhibit A) The trial judge sentenced him to a 30 year term of imprisonment. *Id.* Petitioner represented himself at trial and argues in his habeas petition that his waiver of counsel was ineffective. He has properly exhausted all non-futile appeal rights, and the Court may consider the merits of his claim. Based on the following, the petition is without merit and should be dismissed with prejudice.  Before a criminal defendant may waive his Sixth Amendment right to the assistance of counsel, the trial court must accept such waiver as

knowing, voluntary and intelligent. *See Iowa v. Tovar*, 541 U.S. 77, 88 (2004); *Godinez v. Moran*, 509 U.S. 389, 390 (1993). It is the trial court that must determine the validity of a defendant's waiver, and such determination should appear on the record. *See Johnson v. Zerbst*, 304 U.S. 458, 465 (1938) ("While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.") A defendant sufficiently waives counsel when he "knows what he is doing and his choice is made with eyes open." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942). In particular, the trial court must "warn[] [the defendant] specifically of the hazards ahead" before allowing him to proceed without counsel. *Tovar*, 541 U.S. at 89 (citing *Faretta v. California*, 422 U.S. 806 (1975)). The judge is not required to read to the defendant from a prepared script or follow a particular formula; rather, each case is determined individually, based upon factors such as the stage of the proceeding, the education level and sophistication of the particular defendant, and the complexity of the charges. *Id.* at 88.

Petitioner, born in 1950, was approximately 58 years old at the time of trial and possesses a forty year history with the criminal justice system. (Doc. No. 7, Exhibits A and D) A psychiatrist evaluated Petitioner and found him mentally competent. (Doc. No. 8, Exhibit H at 40-41) He earned a General Equivalency Diploma (GED) while previously incarcerated and indicated a one to two year attendance at the University of Arkansas at Little Rock in the mid seventies. *Id.* at 50-51. He further indicated to the trial court that he possessed a knowledge of court procedures. *Id.* at 51. His assigned counsel noted that he

believed Petitioner's waiver was intelligently made. *Id.* at 50. Petitioner first raised the issue of representing himself at a February 14, 2008, pretrial hearing, where the judge admonished him regarding the pitfalls of proceeding alone:

> THE COURT: Well, let me just say this. I've been in this system for a long time. You're charged with two counts of Aggravated Robbery which carry up to life imprisonment, and those are, those are too serious of charges for you to represent yourself. If you did that, you'd put yourself in jeopardy in front of a jury, and then, it, it, and, it's kind of my job to be the gatekeeper in here, and if I see someone who's going to put themselves in that position, I ought to stop it. So, I, I think, I'm going to let [your attorney] make the calls, okay?

(Tr. 42)

Petitioner nevertheless insisted on representing himself, which prompted the judge to describe his own experiences with defendants who represented themselves:

> THE COURT: Okay. The last, the last time a person, well, there's two times. The only two times I've seen that happen, a fellow got life for Rape, and the other time it was on an Aggravated Robbery, and, and I was the prosecutor, and he talked to the jury, and they gave him three lives.

(Tr. 46)

Petitioner insisted on proceeding without counsel, and the judge agreed to withhold a ruling until the next pretrial hearing. (Tr. 44-45, 47-48) At that hearing, on April 10, 2008, appointed defense counsel reiterated Petitioner's desire to proceed without counsel. (Tr. 50) The judge again warned Petitioner:

> THE COURT: So, you understand that there's a lot of difference between watching a trial once or twice and trying it yourself.
>
> DEFENDANT: Oh, yes, sir, I understand that.
>
> THE COURT: You understand that if you, if you represent yourself, that you're going to be under the same restrictions and obligations as a lawyer would be.

4

DEFENDANT: Yes, sir.

THE COURT: And, a lawyer has gone through law school, a lawyer has taken a bar exam, and most lawyers that come in here are seasoned lawyers. And, your, your, the counsel that you have there from the Public Defenders' Office has tried many cases and been here for a long time.

DEFENDANT: Yes, sir.

THE COURT: You understand that?

DEFENDANT: Yes, sir, Your Honor, I, I respect my brother Defendant, but, see, I've been in a commode just about all my life, and I don't think he understand[s] what goes on down there. I would not embarrass the Court, nor will I embarrass myself. But, there[] [are] some things that need[] to be said as far as my perspective is concerned, and I don't think the Public Defender understands at this particular point. And, I will not abuse this Court if you will allow me to do that.

THE COURT: Well, I'm not worried about you abusing the Court because I'm not going to let you because I'll treat you [with] the same standard that I would a lawyer. So, if you ask a question that's out of line or say something that's out of line, I'll stop it.

DEFENDANT: Yes, sir.

THE COURT: But, that's, but, that's not the problem. The problem is is that you have a right to counsel and a right to, to representation in front of a jury. And, by you taking on that yourself, you're going to put yourself at a very severe disadvantage.

DEFENDANT: Yes, sir.

THE COURT: In fact, I've seen this happen before, and I've never seen it work out right. It usually ends up in a disaster, and then the Supreme Court is going to turn around and tell me that I did wrong in letting you do this if I let you do it. And, they're going to say that I, that you didn't know what you were doing, that I didn't explain this process to you, they're going to say that I didn't explain that you have a right to cross examine witnesses. And, without the skill to cross examine witnesses, that you may not necessarily do it in the


>correct way. They're going to say that you don't understand the nuances of the, of the charges, of the, of the jury instructions, of how to structure a defense to the jury, of how to argue that defense to the jury. And, they're going to say that, that's my fault if I let you do this. But, you're telling me that you want to do it in spite of that.
>
>DEFENDANT: That's right.
>
>THE COURT: In spite of it being a disaster, a possible disaster.
>
>DEFENDANT: Yes, sir, I do.

(Tr. 53-56)

The judge then agreed to let Petitioner proceed as his own counsel, with an attorney present on standby as needed. The judge further warned Petitioner:

>THE COURT: Okay. Well, I'm going to let you do that. I, I think it's a mistake, and I would advise you against doing that. And, if I were in your shoes, I wouldn't do that because I've seen, seen it happen in this courthouse for the last thirty years, and it never works well. In fact, I've never seen it work.
>
>DEFENDANT: Yes, sir.
>
>THE COURT: But, if you want to take that risk, it's your life.
>
>DEFENDANT: I do.

(Tr. 62)

Approximately two weeks later, on April 23, 2008, the day of trial, the court made certain that Petitioner understood the penalties he faced and again warned against proceeding without counsel:

>THE COURT: Mr. Williams, you're charged with two counts of Ag Rob, or Aggravated Robbery. They each carry ten to life.

>   DEFENDANT: Yes, sir.
>
>   THE COURT: The Theft of Property with the habitual allegation in this case is, is, it carries up to thirty years. The, the Terroristic Threatening up to fifteen. There's two counts of those, and there's one misdemeanor. And, you're charged with a large hab[itual] having four or more prior felonies. You understand what the charges are?
>
>   DEFENDANT: Yes, Your Honor.
>
>   THE COURT: And, what the range is?
>
>   DEFENDANT: Yes, Your Honor.
>
>   THE COURT: And, before we talked about you representing yourself.
>
>   DEFENDANT: Yes, Your Honor.
>
>   THE COURT: With Mr. Boozer's assistance?
>
>   DEFENDANT: Yes, sir.
>
>   THE COURT: And, I think I told you I didn't think that was a very good idea, but you insisted on it. You understand that, that, and I'm going to give you another chance to change your mind, but you understand that you're going to be held to the same standards that a lawyer would be held to if you tried the case.
>
>   DEFENDANT: Yes, sir.
>
>                          . . .
>
>   THE COURT: And, you still want to go ahead and do this[?]
>
>   DEFENDANT: Yes, sir.
>
>   THE COURT: Well, we're going to let you, but, I, I'm advising you heavily against it. You've got a good lawyer, you've got a couple of good lawyers.

(Tr. 66-9)

The Court is hard-pressed to imagine a scenario where the trial judge could have done

more to warn Petitioner of the potential pitfalls of proceeding without counsel. The judge clearly explained the hazards and consequences of self-representation—he warned Petitioner of the severity of the possible sentences and specifically advised Petitioner that his chosen course was unwise. The judge also told Petitioner that, by proceeding without counsel, he may unwittingly expose his own criminal history to the jury:

> THE COURT: But, but, what I'm worried about is, is you presenting a case to the jury and taking the stand when you're subject to cross examination about your prior record.
>
> DEFENDANT: Yes, sir.
>
> THE COURT: Your credibility would be severely impaired by, by that act, and your lawyer can take that into consideration in, in making a recommendation on how to proceed with this trial.
>
> DEFENDANT: Yes, sir. I intend to listen [to] everything he has to say. But, I still would love to do it myself.

(Tr. 60-1)

> . . .
>
> THE COURT: . . .[B]ut if you do take the stand and you make that decision that, that the State can inquire as to your prior felony convictions. You understand that?
>
> DEFENDANT: Yes, sir.

(Tr. 69-70)

After a thorough review of the trial transcript and the parties' submissions, the Court finds that Petitioner's waiver of counsel was knowing, voluntary, intelligent, and otherwise in accordance with constitutional requirements. Petitioner, who possessed no mental incapacity, was fairly apprised of the consequences of his choice and decided "with eyes

8

open" to proceed without representation. *See Adams*, 317 U.S. at 279. His argument to the contrary must fail. Accordingly, the state court's decision to let Petitioner proceed pro se was not contrary to federal law pursuant to 28 U.S.C. § 2254.

IT IS, THEREFORE, RECOMMENDED that the petition, Doc. No. 2, be dismissed with prejudice.

DATED this 27th day of October, 2011.

_____
UNITED STATES MAGISTRATE JUDGE